### American Bicycle Company v. Frederick Oulnd.

#### Gen. No. 13,515.

RES IPSA LOQUITUR—*when doctrine of, does not apply.* As between master and servant, the doctrine of *res ipsa loquitur* is inapplicable to a case where there is a reasonable cause to believe from the evidence that the servant himself was the agency which set in motion the cause of the injury complained of.

Action in case for personal injuries. Error to the Circuit Court of Cook County; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Reversed. Opinion filed March 6, 1908.

WINSTON, PAYNE, STRAWN & SHAW, for plaintiff in error; JOHN BARTON PAYNE and WALTER H. JACOBS, of counsel.

JOHN W. BYRON, for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Defendant in error—plaintiff in the suit—recovered a judgment for personal injuries in the Circuit Court, from which judgment this appeal is prosecuted.

The plaintiff Oulnd was employed by the defendant company in its machine shop and foundry. At the time of the injury he was assisting in placing a die upon its bed under a hammer. This die weighed about 250 pounds. Plaintiff was employed as a heater. It was his duty to heat metal and hand it to the hammer man whose assistant he was. It was his duty also to assist the hammer man in changing dies as the exigencies of the work required. On this occasion he had been directed to assist one of the hammer men in placing a die under the middle one of three steam hammers located from ten to twenty feet apart. The hammer man took hold of the left side of the die and plaintiff took hold of the right side. Holding it in this manner, the die was carried toward the place which it was to occupy under the hammer. In order to get close enough to drop the die properly in its bed, plaintiff placed his foot between the base of the machine and the treadle which when pressed upon operated the hammer. There were also two hand levers on the side of the machine nearest to him by which the hammer could be operated. As the die was being placed in position the hammer suddenly descended upon it, inflicting the injuries complained of, and springing back to its place at the top of the machine where it remained. The evidence appears to be undisputed that in thus descending and returning to its position the hammer worked just as it was intended to work when the tread or levers by which it was set in motion should be operated in ordinary course. The plaintiff testifies that he "did not touch any of the springs or treads about that hammer." Our attention, however, is called to his testimony on cross-examination, where he says, "I do not know whether I touched anything or not. I had to stoop over the tread because I have to come in to the hammer." This tread or treadle extending across in front of the base of the machine was about six or eight inches high and about an inch from the machine. There is testimony given by plaintiff's witnesses to the effect that there was no way in which the hammer could be caused to descend as it did on this occasion unless some one touched one

of the levers, except by turning off the steam, which it is not claimed was done in this case. It is not contended that anyone else touched either of these levers, but it is insisted in behalf of the defendant that the evidence as to the position of the plaintiff's foot at the time and the normal manner in which the hammer descended and returned to its position should be deemed conclusive proof that plaintiff himself inadvertently placed his foot against the tread with sufficient pressure to operate the hammer and was thus the cause of his own injury.

It is contended in behalf of the plaintiff that the hammer which caused the injury was out of order. There is testimony in behalf of plaintiff to the effect that the hammer was "out of repair" before the accident, that "the blows of the hammer were irregular," that "there were two blows in place of one," that in descending "the hammer is controlled by guides" and that it "was loose in the guides." The witness who so testifies states, however, that the irregular blows "never happened except when I pulled the lever"; and we find no evidence which tends in any degree to show that the alleged defects in the hammer had ever caused it to descend at any time except when the levers were operated in the usual way for the purpose of so causing it to descend.

It is conceded by his counsel that plaintiff "knew what would happen if he put his foot on that treadle and pressed it down to the floor"; and it is insisted that he did not do so, but that the jar of the die when dropped onto the hammer bed may have been the cause of the sudden descent of the hammer. This, however, is, so far as we discover, mere conjecture of counsel without evidence to support it. Of like character is the contention that "there must have been some defect in some part of the hammer that caused it to operate imperfectly."

Appellee's counsel urge that the case "meets every requirement for the doctrine of *res ipsa loquitur.*" In this we are unable to concur. In Ill. Cent. Ry. Co. v. Swift, 213 Ill., 307–316, it is said that "doctrine only applies, however, where the machine, appliance or other thing from

which the injury results is shown to be under the management of the defendant and the accident is such as in the ordinary course of things does not happen if those in control use proper care." It is evident that the doctrine cannot be applicable in a case where there is any reasonable cause to believe from the evidence that the plaintiff himself may by inadvertent pressure on the treadle have caused the hammer to descend upon the fingers of his hand. In such case "the mere happening of the accident raises no presumption that it was caused by the negligence of the master." Diamond Glue Company v. Wietzychowski, 227 Ill., 338–342.

Finding no evidence in the record which tends to justify a conclusion that plaintiff was injured by reason of negligence on the part of the defendant, the judgment of the Circuit Court must be reversed with a finding of facts.

*Reversed with finding of facts.*